# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MARY JO BARNES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:19-05088-CV-RK |
| v. | ) ) ) | |
| AMAG PHARMACEUTICALS, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the parties' joint motion to transfer venue to the District of New Jersey. (Doc. 13.) After careful consideration, the motion is **GRANTED.**

## Background

In this consumer class action, Plaintiff, on behalf of herself and a putative class of similarly situated individuals, asserts claims for violation of the Missouri Merchandising Practices Act ("MMPA") and unjust enrichment based on allegations that AMAG Pharmaceuticals, Inc. ("AMAG") misrepresented the effectiveness of its prescription drug Makena. Specifically, Plaintiff has identified several statements on AMAG's website and in its patient education brochure for Makena that she contends misrepresent the drug's effectiveness at preventing preterm births. Plaintiff's counsel have filed four other class action lawsuits in other federal courts asserting claims under other states' unfair trade practices statutes and claims of unjust enrichment based on nearly identical allegations. *See Faughnan, et al. v. AMAG Pharmaceuticals, Inc.*, No. 19-cv-1394 (N.D.N.Y.); *Gill v. AMAG Pharmaceuticals, Inc.*, No. 19-cv-02681 (D. Kan.); *Nelson v. AMAG Pharmaceuticals, Inc.,* No. 20-cv-00089 (E.D. Cal.); *Zamfirova v. AMAG Pharmaceuticals, Inc.*, No. 20-cv-00152 (D.N.J.). For the purposes of convenience of the parties, judicial economy, and to eliminate the risk of inconsistent rulings, the parties now seek to transfer this case to the District of New Jersey, where one of the cases is currently pending.

## Legal Standard

A court may transfer any civil action to any other district to which all parties consent for the convenience of the parties and witnesses and in the interests of justice. 28 U.S.C. § 1404(a).

The purpose of the statute is to "prevent the waste of time, energy and money" and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *VanDusen v. Barrack*, 376 U.S. 612, 616 (1964) (*quoting Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). In deciding a motion to transfer, the Court considers the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues. *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688 (8th Cir. 1997). Convenience of the witnesses "is the most important factor in the transfer analysis." *Bruce's Wrecker Serv., Inc. v. Auto. Club of Missouri*, No. 4:08-CV-00946-DGK, 2009 WL 10704968, at *2 (W.D. Mo. Apr. 10, 2009) (granting motion to transfer based on witness convenience).

**Discussion**

Considering the convenience of the parties, the convenience of the witnesses, the interests of justice, and other relevant factors, the Court finds transfer to the District of New Jersey is proper. As an initial matter, the Court finds all five of the putative class action cases involve the same defendant, AMAG. The cases also involve common questions of law and fact. Each case involves similar allegations against AMAG, namely that AMAG misrepresented the effectiveness of its drug Makena. Specifically, regarding the convenience of the parties, transfer of this case to the District of New Jersey will provide a single forum. This will aid the parties in avoiding unnecessary, duplicative, and expensive discovery and motion practice, eliminate the risk of inconsistent rulings, and provide for greater judicial economy.

As to the convenience of the witnesses, while there is a slight risk that witnesses may be inconvenienced, the parties have represented to the Court that most of the witnesses in this case are located in Massachusetts. The parties have further represented that if any deponents reside in Missouri, such depositions will take place in Missouri. Thus, transferring this case will not significantly inconvenience any witness. Finally, although this action involves claims under Missouri law, federal courts are capable of applying the substantive law of other states. *See ASAI, Inc. v. Guest + Reddick, Inc.*, No. 09-0041-CV-WFJG, 2009 WL 1657436, at *3 (W.D. Mo. June 10, 2009) ("[F]ederal courts routinely apply the law of foreign jurisdictions, so the Court finds that this factor is neutral.") Therefore, considering the consent of the parties and the relevant factors, the Court finds transfer to the District of New Jersey proper.

**Conclusion**

After careful consideration, the Court concludes transferring this case to the District of New Jersey is warranted.  Therefore, the parties joint motion to transfer venue is **GRANTED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  February 14, 2020